Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No.: 9411
Gerardo Avalos, Esq.
Nevada Bar No.: 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Luanne Austin*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Luanne Austin, individually, on behalf of herself and all others similarly situated, | Case No.: |
| | **CLASS ACTION** |
| Plaintiffs, | |
| v. | **Complaint for Damages and Injunctive Relief based on: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; (2) Violations of NRS 598; (3) Negligence; (4) Breach of Contract; and (5) Breach of Implied Contract** |
| Allied Collection Services, Inc.; Teachers Health Trust *dba* THT Health; and Digestive Disease Center *dba* Digestive Disease Specialists, | |
| Defendants. | **Jury Trial Demanded** |

COMPLAINT                                    - 1 -

## INTRODUCTION

1. Luanne Austin ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Allied Collection Services, Inc. ("Allied"); Teachers Health Trust *dba* THT Health ("THT Health"); and Digestive Disease Center *dba* Digestive Disease Specialists ("DDS") (jointly as "Defendants"). Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (applicable to Allied), and related causes of action (applicable to THT Health and DDS).

4. Defendants are subject to personal jurisdiction in Nevada, as they are each registered with the Nevada Secretary of State and conduct business in Nevada.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this Complaint occurred in Nevada.

## PARTIES

6. Plaintiff is a natural person who resides in Clark County, Nevada.

7. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendants are each a corporation doing business in the State of Nevada.

9. Defendant Allied is a company that offers debt collection services.

10. Defendant Allied uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and is a debt collector as defined by 15 U.S.C. § 1692a(6).

11. Defendant THT Health is a health insurance company servicing teachers and licensed professionals in Clark County, Nevada.

12. Defendant DDS is a medical group practice located in Las Vegas, Nevada, which specializes in Gastroenterology.

13. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

**FACTUAL ALLEGATIONS**

14. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

15. Plaintiff is alleged to have owed a medical related debt to Defendant DDS from around November 2020.

16. The debt was incurred primarily for personal, family or household purposes and is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

17. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.

18. Plaintiff is insured by Defendant THT Health.

19. Upon information and belief, Defendant THT Health failed to uphold their obligation to directly pay Defendant DDS for the medical services provided to Plaintiff.

20. Subsequently, Defendant DDS and Allied attempted to collect the debt directly from Plaintiff.

21. Under the provider agreement, under which DDS and Allied were bound, Defendant DDS was only allowed to collect medical debt directly from THT Health, not the individual patients insured by THT Health.

22. On or around August 17, 2021, Defendant Allied reported the debt to one or more consumer reporting agencies, including Equifax Information Services, LLC.

**CLASS ALLEGATIONS**

23. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

24. Plaintiff brings this action on behalf of all natural persons in Nevada, who were insured by THT Health, that were sent to collections through Allied, for a medical bill which THT Health was responsible to directly pay to DDS, and under the applicable provider agreement, DDS and Allied were not allowed to collect directly from the person.

25. The class is so numerous that joinder is impracticable. Upon information and belief, there are more than 250 members of the Class.

26. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Defendant Allied complied with the FDCPA, and whether Defendants THT Health and DDS complied with the related causes of action.

27. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

29. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## PLAINTIFF'S DAMAGES

30. Plaintiff's credit has been negatively impacted as a result of Defendants' actions described herein. Plaintiff has suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendants.

## FIRST CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

## (APPLICABLE TO ALLIED ONLY)

31. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

32. Defendant Allied's conduct violated 15 U.S.C. § 1692f(l) in that Defendant Allied attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA

34. The FDCPA prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Allied.

**SECOND CAUSE OF ACTION**

**NEV. REV. STAT § 598, ET SEQ. AND NRS 41**

**(APPLICABLE TO THT HEALTH AND DDS)**

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

37. This cause of action is brought pursuant to the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598 *et seq.,* (the "Nevada Act").

38.  Defendant THT Health is an insurance provider. Defendant DDS is a medical services provider. THT Health's and DDS' activities are governed by the deceptive trasde pactices act.

39. On information and belief, affected individuals include persons over the age of 60 and/or persons with disabilities and are "older" and "vulnerable" under NRS 41.1395.

40. In all requisite matters alleged herein, Defendants acted in the course of their business or occupation within the meaning of NRS §§ 598.0903 to 598.0999.

41. In all requisite matters alleged herein, Defendants THT Health and DDS acted willfully in violation of NRS 598.

42. Defendants violated NRS 598 by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

43. Reasonable customers would be misled by Defendants' misrepresentations and omissions concerning the practices of how medical services provided by DDS are paid for when a consumer is insured by THT Health. Defendants' unfair and deceptive practices are thus likely to, and have, misled the Class Members acting reasonably in the circumstances, in violation of NRS 598.

44. Defendants specifically engaged in the following activity and/or deceptive practices, all of which violate NRS 598: (a) Defendants THT Health and DDS failed to maintain and execute procedures designed to prevent Plaintiff and Class Members from being inaccurately charged for medical services; (b) Defendant DDS failed to exercise appropriate care in accurately charging patients for medical services; and (c)  Defendant THT Health failed to exercise the required care to accurately paying the medical bills of their policy holders.

45. In all requisite matters alleged herein, Defendants THT Health and DDS acted knowingly within the meaning of NRS 598.

46. In all requisite matters alleged herein, Defendants THT Health and DDS acted willfully in violation of NRS 598.

47. Plaintiff has been aggrieved by Defendant THT Health's and DDS' unfair and deceptive practices. Her credit score has been damaged, and she has to expend out of pocket money and efforts to mitigate the harm caused by Defendants.

48. Pursuant to NRS 598, Plaintiff and the Class Members seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendants THT Health and DDS. Additionally, Plaintiff and the Class Members make claims for damages, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

**(APPLICABLE TO THT HEALTH AND DDS)**

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein

50. Defendants owed Plaintiff and Class Members a duty to prevent them from being inaccurately charged for medical services.

51. Defendant DDS breached its duty by failing to exercise reasonable care in billing patients for medical services.

52. Defendant THT Health breached its duty by failing to exercise reasonable care in paying for their policy holders' medical services.

53. It was reasonably foreseeable that Defendants' failure to exercise reasonable care in preventing Plaintiff and Class Members from receiving inaccurate medical bills would result in damage to Plaintiff's and Class Members' creditworthiness and emotional distress.

54. Plaintiff and Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's failure to prevent them from receiving inaccurate medical bills.

55. Defendants' wrongful actions and/or inaction (as described above) constituted (and continue to constitute) negligence at common law.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(APPLICABLE TO THT HEALTH AND DDS)**

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

57. Plaintiff and Defendants entered into an agreement where THT Health agreed to pay a certain portion of Plaintiff's medical services provided by DDS. Additionally, according to Section 4.6 of the Provider Agreement, DDS agreed to not attempt to collect money directly from insured members of THT Health.

58. Despite Plaintiff performing her end of the bargain, DDS failed to comply with their agreement to not attempt to directly collect money from Plaintiff. Additionally, THT Health failed to comply with its agreement to pay DDS the money owed to it for providing Plaintiff with medical services.

59. Plaintiff and Class Members have suffered damages as a result of the breach.

**FIFTH CAUSE OF ACTION**

**BREACH OF IMPLIED CONTRACT**

**(APPLICABLE TO THT HEALTH AND DDS)**

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

61. "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

62. Among other things, Plaintiff and Class Members were required to go to certain medical service providers if they wanted THT Health to cover the costs. The covenant for THT Health to make every possible effort to pay these medical service providers is an implied term in this contract. Additionally, it was an implied term in this contract that if Plaintiff and Class Members received medical services from an included provider under their THT Health plan, that provider (DDS) would not send the individual to collections for a debt that they do not owe.

63. Defendants breaches of their obligations under the contract between the parties, directly causing Plaintiff and Class Members to suffer injuries.

64. Considering the importance of creditworthiness, Plaintiff and the Class Members should reasonably be expected to take prophylactic measures and undertake attendant costs to prevent and mitigate the harm already suffered and likely to be suffered from Defendants' breach of the implied contract.

## PRAYER FOR RELIEF

65. Wherefore, Plaintiff, individually and on behalf of all Members of the Class alleged herein, prays for relief as follows:

- For an order certifying the action as a class action under Rule 23;
- For an order appointing Plaintiff as the Representative of the Class, and her counsel as Class Counsel for the Class;
- An award of actual, statutory, consequential, and punitive damages;
- Injunctive relief;
- An award of costs of litigation and reasonable attorney's fees; and
- Any other relief that this Court deems just and proper.

///
///
///

**JURY DEMAND**

66. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 27, 2021.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Luanne Austin*