UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Luanne Austin,

          Plaintiff

v.

Allied Collection Services, Inc., et al.,

          Defendants

Case No. 2:21-cv-01593-CDS-NJK

**Order Denying Motion to Strike, Granting THT Health's Motion to Dismiss, and Granting in Part and Denying in Part DDS's Motion to Dismiss**

[ECF Nos. 21, 22, 24]

      Plaintiff Luanne Austin brings this class-action lawsuit against defendants Allied Collection Services, Inc. ("Allied"); Teachers Health Trust d/b/a THT Health ("THT Health"); and Digestive Disease Center d/b/a Digestive Disease Specialists ("DDS") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and Nevada law,[1] along with claims for relief based on negligence, breach of contract, and breach of implied contract. *See generally* Compl., ECF No. 1. She contends that she was improperly sent to collections for medical debt that she incurred, and she seeks relief not only for herself but also on behalf of other similarly situated individuals.

      THT Health moves to strike plaintiff's class allegations under Federal Rule of Civil Procedure 12(f), arguing that "[w]hile she can proceed as an individual, she has not met the requirements under Rule 23 to also represent a broad class of individuals." ECF No. 21 at 9. And both THT Health and DDS move to dismiss. For the reasons set forth herein, I deny THT Health's motion to strike but grant the defendants' motions to dismiss without prejudice and with leave to amend.

---

[1] Austin brings the FDCPA claim against Allied and the Nevada law claims against THT Health and DDS.

I.         Relevant background information

         *a.*    *Factual allegations*

Austin alleges that she owed DDS a debt after receiving medical treatment from DDS in November 2020. ECF No. 1 at ¶¶ 15, 19. When she received the treatment and incurred the debt, Austin was insured by THT Health. *Id.* at ¶ 18. Austin alleges that THT Health failed to directly pay DDS for the medical services rendered, which violated the contract between her and THT Health. *Id.* at ¶ 21. As a result, DDS—through Allied—attempted to collect the debt directly from Austin. *Id.* at ¶ 20. Because Austin did not pay, Allied reported the debt to one or more consumer reporting agencies (including Equifax Information Services, LLC) in August of 2021. *Id.* at ¶ 22. Austin alleges that, because of defendants' actions, she has incurred out-of-pocket costs; wasted her own time; and suffered emotional distress, mental anguish, humiliation, and embarrassment. *Id.* at ¶ 30.

Austin brings this action on behalf of herself as well as other individuals in Nevada who also used DDS, were insured by THT Health, and were sent to collections by Allied. *Id.* at ¶ 24. She alleges that a putative class of more than 250 members were sent to Allied—and ultimately to collections—because of unpaid DDS bills that should have been covered by THT Health under the applicable provider agreements. *Id.* at ¶ 25. She frames the litigation in terms of two primary issues: (1) whether Allied complied with the FDCPA and (2) whether THT Health and DDS complied with Nevada law. *Id.* at ¶ 26.

         *b.*    *Procedural history*

THT Health moves to strike Austin's class-action allegations (ECF No. 21) and to dismiss her second claim for relief under the Nevada Deceptive Trade Practices Act. ECF No. 22. DDS separately moves to dismiss the second through fifth causes of action. ECF No. 24. Austin opposes each motion. ECF No. 38.

## II. THT Health's motion to strike is denied.

While permissible, motions to strike are generally disfavored. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Nonetheless, Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Moreover, when considering a motion to strike, courts must view the pleading in the light most favorable to the pleader. *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).

THT Health moves to strike the complaint's class-action allegations. ECF No. 21. It argues that Austin has failed to meet the class-action pleading requirements. *Id.* Rule 23(a) requires the party seeking class certification to establish "numerosity," "commonality," "typicality," and "adequacy of representation." Fed. R. Civ. P. 23(a). Austin responds that the motion to strike is premature and prejudicial, and further, that she has not yet moved for class certification. *See generally* ECF No. 38 at 16–20.

It is, indeed, too early to strike Austin's class allegations, as she has not yet moved for class certification. While class allegations "may be stricken at the pleading stage," *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975), "motions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle' for testing the validity of class claims." *Ott v. Mortg. Inv. Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1062 (D. Or. 2014) (quoting *Thorpe v. Abbott Lab., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)). Motions to strike are granted "only where 'the complaint demonstrates that a class action cannot be maintained.'" *Id.* (quoting *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010)). I am unconvinced at this stage that Austin cannot maintain a class action.

While the complaint contains conclusory class action allegations, they sufficiently address Rule 23's requirements; relate to the subject matter of the litigation; and are not

redundant, immaterial, or impertinent. ECF No. 1 at ¶¶ 30–35. Moreover, I am required to view the complaint in the light most favorable to the plaintiff. In doing so, I find that at this stage, the class allegations are sufficient to survive a motion to strike. Austin asserts that more than 250 putative class members all suffered the same or similar injuries based on the same underlying facts. THT Health's comparison of Austin's allegations to the case of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), is unavailing. ECF No. 21 at 5. The United States Supreme Court found in *Wal-Mart* that a challenge to class certification should have been granted because nationwide allegations of discrimination would have necessarily entailed factual questions specific to each individual Wal-Mart store. *See id.* at 352 (stating that "without some glue holding the alleged reasons for all those [millions of employment decisions] together," commonality is impossible to satisfy). Unlike the plaintiffs in *Wal-Mart*, Austin alleges that the putative class members in this case all suffered violations of law occurring out of similar transactions between a single medical office, a single health insurer, and a single collections agency. ECF No. 1 at 3–4.

THT Health further asserts that "putative members likely received different services from different professionals, which resulted in different billing amounts." ECF No. 21 at 7. THT does not provide any authority for its theory that putative class members must suffer identical, or even quantitatively similar, alleged injuries. *Id.* Finally, THT Health asserts that Austin has tried to establish an improper "fail-safe" class.[2] *Id.* at 8–9. This is, again, a question best reserved for the class-certification stage. I disagree that Austin's complaint characterized the class such that it would be labeled "fail-safe." Specifically, she asserts that the putative class members are those Nevadans who were (1) insured by THT Health, (2) sent to collections by Allied, (3) for a medical bill that THT Health was responsible to DDS to pay, and (4) from whom DDS and Allied were unallowed to collect directly. ECF No. 1 at ¶ 24.

---

[2] A "fail-safe" class designation occurs when a plaintiff has defined a class in such a way that "the class members either win or are not in the class . . . [i.e.,] the [c]ourt cannot enter an adverse judgment against the class." *In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.*, 289 F.R.D. 526, 545–46 (N.D. Cal. 2012) (internal quotation marks and citations omitted).

Defendants claim that I should label Austin's putative class a fail-safe one because Austin alleges that the questions which predominate over the litigation are indicative of defendants' liability. ECF No. 21 at 9. But the inquiry for a fail-safe designation concerns the scope of the proposed class and whether the scope of the class is determined by defendants' liability—not what legal questions predominate over that class to demonstrate class-wide liability. *See, e.g., Dodd-Owens v. Kypon, Inc.*, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007) (granting a motion to strike because a proposed class included those who "have experienced gender discrimination"); *Brazil v. Dell*, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008) (striking class definitions because the class included all persons who purchased computer products that defendant "falsely advertised"). Austin does not include a legal conclusion in her definition of the proposed class, and thus I decline to find that her complaint "demonstrates that a class action cannot be maintained." *Ott*, 65 F. Supp. 3d at 1062. Consequently, I find it improper to rule on the sufficiency of the proposed class at this time and deny THT Health's motion to strike.

### III.   THT Health's motion to dismiss is granted, DDS's motion to dismiss is granted in part and denied in part.

THT Health moves to dismiss the fifth cause of action, Austin's allegation of a violation of Nevada's Deceptive Trade Practices Act ("NDTPA"), arguing that her claim fails to meet Rule 9's heightened pleading requirements and further that the complaint asserts conclusory allegations that are insufficient to entitle her to relief under the NDTPA. *See generally* ECF No. 22. DDS also argues that the NDTPA claim is subject to a higher pleading standard that plaintiff's complaint fails to meet. ECF No. 24 at 4–6. And DDS asserts that the negligence claim fails, as Austin has not established an owed "duty," *id.* at 6, and the fourth and fifth claims fail because Austin fails to establish a contract between her and DDS. *Id.* at 7–9.

     i.   *Applicable legal standard*

A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). Rule 8 does not require detailed factual allegations. Rather, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, in order to survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

When resolving 12(b)(6) motions, courts apply the two-step approach of first accepting as true all well-pleaded factual allegations and then drawing all reasonable inferences from the complaint in the plaintiff's favor. *Id.* Legal conclusions are not entitled to the same assumption of truth even if plaintiffs casts them as factual allegations. *Iqbal*, 556 U.S. at 679. Finally, mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Rule 15(a) provides that leave to amend should be "freely" given "when justice so requires," unless there was "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party ... futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

   ii. *The second claim for relief alleging a violation of the NDPTA is dismissed without prejudice but with leave to amend.*

I first address defendants' argument that plaintiff's NDTPA claim is subject to Rule 9(b)'s heightened pleading requirement. Both defendants argue that this claim fails to meet the 9(b)'s pleading particularity requirement even though it sounds in fraud. ECF No. 22 at 4, ECF No. 24 at 4. The NDTPA is designed to serve a remedial purpose. *Poole v. Nev. Auto Dealership Invs.*,

*LLC*, 449 P.3d 479, 483–85 (Nev. 2019). The Nevada Supreme Court has not decided whether there is a higher pleading requirement for NDTPA claims, but it has determined that while the NDTPA sounds in fraud, it is not subject to a higher burden of proof. *See, e.g., Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 435–36 (Nev. 2010) (recognizing that while the NDTPA "sound[s] in fraud, which, under the common law, must be proven by clear and convincing evidence," the court "cannot conclude that deceptive trade practices claims are subject to a higher burden of proof" because "[s]tatutory offenses that sound in fraud are separate and distinct from common law fraud" (citations omitted)); *Poole*, 449 P.3d at 483–85 (concluding that "knowingly" under the NDTPA means "that the defendant is aware that the facts exist that constitute the act or omission," not that "the defendant intend[ed] to deceive" the victim, because the former interpretation better serves the NDTPA's "remedial purpose," while the latter interpretation imposes a higher standard for proving an NDTPA violation and makes the NDTPA redundant with common law fraud).

Applying the *Betsinger* reasoning here, it is not clear that the Nevada Supreme Court requires that all NDTPA claims are subject to a heightened pleading requirement, just those claims based in fraud. *See* NRCP 9(b) (requiring that fraud claims be "stated with particularity"; *Brown v. Kellar*, 636 P.2d 874, 874 (Nev. 1981) (holding that fraud claims "must . . . include averments to the time, the place, the identity of the parties involved, and the nature of the fraud[.]" For example, NRS § 598.0918 relates to abusive, harassing, or annoying phone calls, which does not necessarily sound in fraud. On the other hand, NRS § 598.0915 through § 598.0925 discusses consumer fraud.

Here, a review of Austin's NDTPA claim does not appear to sound in fraud. *See generally* ECF No. 1 at ¶ 44. Instead, the allegations seemingly relate to claims of deceptive practices and procedures set by the defendants. But the allegations in claim two fail to identify which subsection of NRS Chapter 598 is allegedly violated. *See id.* at 6–7. Without citation to the specific section of NRS Chapter 598 that defendants allegedly violated, I cannot determine

whether the claim sounds in fraud or is subject to Rule 9(b)'s heightened pleading requirement.

Austin responds that she is not required to plead the specific subsections of NRS Chapter 598 under which she seeks to hold defendants liable. *See* ECF No. 38 at 9–10 ("Defendants are wrong that Plaintiff is required to plead more in her complaint[.]"). She adds that "[d]efendants fail to cite any on[-]point case law to support that what they did does not amount to violations of NRS 598." *Id.* at 9. Defendants, of course, are not required to prove their own liability, or lack thereof, at this juncture in the litigation. But plaintiff is required to, at the very least, cite which specific subsections of the statute she accuses defendants of violating, to place the defendants on notice. *See Reyes v. GMAC Mortgage LLC.*, 2011 WL 1322775 (D. Nev. Apr. 5, 2011) (dismissing a case when defendants were not given fair notice of the claims against them because plaintiff did not specifically cite which section of NRS 598 was violated); *see also Tedoro v. Allstate Fire and Cas. Ins.*, 2018 WL 1786818 (D. Nev. Apr. 13, 2018) (same). Consequently, I grant defendants' motion to dismiss without prejudice but with leave to amend so Austin may cite the specific section(s) of NRS Chapter 598 that were allegedly violated. Furthermore, if the claims ultimately sound in fraud, the amended claims must satisfy Rule 9(b)'s heightened pleading requirement.

>   *iii.*   *The third, fourth, and fifth claims are dismissed without prejudice and with leave to amend.*

Austin's third claim is for negligence against DDS. To prevail on a negligence claim, a plaintiff must establish (1) duty of care, (2) breach of that duty, (3) legal causation, and (4) damages. *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). The existence of a duty is "a question of law to be determined solely by the courts." *Turner v. Mandalay Sports Ent., LLC*, 180 P.3d 1172, 1177 (Nev. 2008). DDS argues that this claim fails because there is no "duty of care" when it comes to medical-services billing and that even if there is such a duty, Austin does not allege that her medical bills were inaccurate or invalid, and she therefore cannot establish breach. ECF No. 24 at 6. Austin responds that creditors owe a duty of care to consumers. ECF No. 38 at 13 (citing *Colo. Capital v. Owens*, 227 F.R.D. 181, 190 (E.D.N.Y. 2005) (negligence claim

properly asserted against a creditor related to its selection and supervision of the debt collectors it hired)). Relying on *Colorado Capital*, Austin argues that duty "has been defined as '**a relationship between . . . two parties** such that society imposes an obligation on one to protect the other from an unreasonable risk of harm.'" *Id.* at 188 (emphasis added). Herein lies the problem. Austin's complaint does not allege a relationship between herself and DDS that could give rise to a duty. Instead, she alleges that a duty was owed without stating the nature of the relationship that would give rise to that that (or any other) duty. *See generally* ECF No. 1 at 8. Austin fails to respond to the lack of any alleged breach as it relates to the billing at issue. Thus, Austin fails to sufficiently plead the first two elements of a prima facie negligence claim. I therefore grant DDS's motion to dismiss without prejudice. But because I am not convinced that amendment would be futile as to the negligence claim, I give her leave to amend.

        Austin alleges breach of contract and breach of the implied covenant of good faith and fair dealing in her fourth and fifth claims against both defendants. ECF No. 1 at 8–10. DDS moves to dismiss both claims, arguing that DDS is not a party to the contract at issue; rather, the contract is between DDS and THT Health. ECF No. 24 at 7–8. Austin responds by objecting to my consideration of the contract between DDS and THT Health at this stage but argues in the alternative that the plain language of the contract demonstrates breach. ECF No. 38 at 14–15.

        As a threshold matter, "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of a complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion into one for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Here, I have not considered the contract provided by DDS to avoid any dispute over converting this motion into one for summary judgment. Instead, I rely on the allegations in the

complaint and find that the complaint does not sufficiently plead claims for either breach of contract or breach of the covenant of good faith and fair dealing.

To prevail on a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages. *Iliescu Tr. of John Iliescu, Jr. & Sonnia Iliescu 1992 Fam. Tr. v. Reg'l Transp. Comm'n of Washoe Cnty.*, 2022 WL 17072215138 (Nev. Ct. App. Nov. 17, 2022) (citing *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006)). Austin has provided no basis for me to even determine whether a valid contract existed. The complaint does not attach a contract (*see generally* ECF No. 1) Austin argues that I should not consider the alleged contract between DDS and THT Health (ECF No. 38 at 14), and Austin does not allege that she had a valid contract between herself and any of the defendants. The only contract even referenced by the complaint is Austin's assertion that "according to Section 4.6 of the Provider Agreement, DDS agreed to not collect money directly from insured members of THT Health." ECF No. 1 at 9. Austin does not provide this alleged provider agreement or state how she performed her end of the provider agreement. *See generally* ECF No. 1.

Accordingly, I dismiss the fourth claim for relief without prejudice. Because it is unclear whether a contract or contractual obligation existed between Austin and DDS, I grant her leave to amend. But without a contract, there can be no breach of the implied covenant of good faith and fair dealing. Accordingly, that claim for relief is also dismissed without prejudice but with leave to amend.

**IV.  Conclusion**

IT IS HEREBY ORDERED that defendant THT Health's motion to strike **[ECF No. 21] is DENIED**.

IT IS FURTHER ORDERED that defendant THT Health's motion to dismiss the second claim for relief **[ECF No. 22] is GRANTED** without prejudice and with leave to amend.

IT IS FURTHER ORDERED that defendant DDS's motion to dismiss the second, third, fourth and fifth claims for relief **[ECF No. 24] is GRANTED** without prejudice and with leave to amend.

Plaintiff has 30 days from the date of this order to file an amended complaint.

DATED: January 23, 2023

_____
Cristina D. Silva
United States District Judge